UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PAUL KRAUS,

                       Plaintiff,                **MEMORANDUM AND ORDER**
                                                                        14 CV 4143 (DRH) (AKT)

     - against -

KENNETH C. LEE a/k/a KENNETH LEE,
REDLINE CAPITAL, LLC, INTERACTIVE
BROKERS, LLC, PATRICIA LEE a/k/a PATRICIA
JU, JOHN DOES #1 THROUGH 10,

                       Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**KENNETH S. PELSINGER, PC**
Attorneys for Plaintiff
3601 Hempstead Turnpike, Suite 410
Levittown, NY 11756
By:    Kenneth S. Pelsinger, Esq.

**HOFFNER PLLC**
Attorneys for Defendant Interactive Brokers LLC
800 Third Avenue, 13th Floor
New York, NY 10022
By:    David S. Hoffner, Esq.

**HURLEY, Senior District Judge:**

        Plaintiff Paul Kraus ("plaintiff" or "Kraus") brings this action against defendants Kenneth C. Lee ("Lee"), Patricia Lee, Redline Capital, LLC ("Redline"), Interactive Brokers LLC ("defendant" or "Interactive"), and John Does #1-10 alleging claims of fraud, conversion, and negligence. Presently before the Court is defendant Interactive's[1] motion to dismiss the claims against it pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state

---

[1] Plaintiff's motion for default judgment against all other defendants is currently pending before Magistrate Judge Tomlinson.

a claim upon which relief may be granted. For the reasons set forth below, defendant's motion is granted.

## BACKGROUND

The following facts are taken from plaintiff's Complaint and are presumed to be true for purposes of defendant's present Motion.

Plaintiff alleges that Lee and Redline enticed him "to provide investment funds by making numerous power point presentations describing their trading and banking systems operations." (Compl. ¶ 14.) Thereafter, on or about March 8, 2013, plaintiff electronically transferred by wire $200,000.00 to defendants Lee, Redline, and Interactive "to establish an equity option trading account for the benefit of the Plaintiff." (*Id*. ¶ 15.) Plaintiff alleges that Lee "was to make equity option butterfly spread trades using" the transferred funds, "but only after making full disclosure of any trades to Plaintiff prior to initiating and executing each and every trade." (*Id*. ¶ 16.) Moreover, Lee guaranteed that all trades would be approved by the plaintiff (*Id*. ¶ 17), and Lee, Redline, and Interactive "agreed to provide Plaintiff with full banking and trading authority with respect to Plaintiff's funds" (*Id*. ¶ 18). Plaintiff claims, however, that defendants "failed to provide [him] with banking and trading authority over his account." (*Id*. ¶ 20.)

Plaintiff also claims that Lee and Redline "specifically represented to [him that he] would receive a minimum return on any and all monies" provided to defendants. (*Id*. ¶ 21.) Beginning on March 8, 2013, plaintiff made written and oral requests to Lee, Redline, and Interactive for account statements and trading records related to plaintiff's funds, however, to date, defendants have refused to provide plaintiff with any responsive documentation. On March 22, 2013, Lee informed plaintiff that all of his funds had been lost in the market.

Plaintiff claims that "at the time of Defendant's solicitation of Plaintiff's investment, Kenneth Lee and Redline, failed to properly disclose the terms and conditions of the proposed investment to Plaintiff as required under applicable state and federal securities laws and further failed to have Plaintiff execute a subscription agreement." (*Id*. ¶ 24.) Moreover, plaintiff contends that "all the representations made by Kenneth Lee and Redline to Plaintiff with respect to the funds in the amount of $200,000 were deliberately and intentionally false and solely made to disguise the fact that Defendants intended to convert and misappropriate Plaintiff's investment." (*Id*. ¶ 26.) Furthermore, plaintiff alleges that Lee, Redline, and Interactive "misappropriated/converted all of the funds" plaintiff provided to them and were "engaged in a 'Ponzi scheme' wherein Plaintiff's investment was used to pay back unrelated investors." (*Id*. ¶¶ 27-28.)

## DISCUSSION

### I. *Standard of Review for Motion to Dismiss*

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In recent years, the Supreme Court has clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

3

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court provided further guidance, setting a two-pronged approach for courts considering a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (*citing Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Id.* at 678 (quoting and citing Twombly, 550 U.S. at 556–57) (internal citations omitted).

In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## II. *Plaintiff's Fraud Claims*

Plaintiff alleges three fraud claims against Interactive. In his first cause of action, plaintiff alleges common law fraudulent misrepresentation against Lee, Redline, and Interactive. In his fourth cause of action, he alleges that Lee, Redline, and Interactive violated "the Securities Act of 1933, Uniform Securities Act and New York Securities Act." (Compl. ¶ 43.) Finally, plaintiff's fifth[2] cause of action for fraudulent inducement alleges that Lee, Redline, and Interactive "intended that Plaintiff would be induced into action by relying upon the [false] statements of fact made to him by Defendants." (Compl. ¶ 49.)

Defendant argues that plaintiff's fraud claims should be dismissed because they do not meet the standard set forth in Rule 9(b). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Second Circuit has stated that this rule requires that the complaint "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993).

Plaintiff's common law fraud/misrepresentation claim fails to meet this standard with regard to Interactive because the Complaint does not specify any statements that plaintiff alleges Interactive fraudulently made, let alone where and when they were made. Plaintiff's allegation that defendants "agreed to provide Plaintiff with full banking and trading authority with respect

---

[2] Plaintiff's Complaint has labeled two claims as the "fifth" cause of action. The fraudulent inducement claim is the first of these two.

5

to [his] funds," (Compl. ¶ 18), is "entirely conclusory and unsupported by assertions of facts" describing the content of the statement and where and when the statement was made. *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986). Moreover, his fraudulent inducement claim is deficient because he has not alleged any specific statements that Interactive made that induced him to invest the money at issue.

With respect to plaintiff's securities law claims, he fails to name either in the Complaint or in his opposition papers the specific laws that he alleges defendants violated. Plaintiff fails to specify the portion of the Securities Act of 1933 that he alleges was violated, and it is unclear what statute plaintiff is referring to as the "New York Securities Act."[3] Plaintiff's failure to provide a statutory basis for his securities law claims violates Rule 8's requirement that the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Moreover, as defendant points out, the Uniform Securities Act is a model statute and cannot give rise to a claim. (Def.'s Mem. in Supp. at 6.) As a result, plaintiff's fourth cause of action for violations of the federal and state securities laws is dismissed.

### III. *Plaintiff's Conversion Claim*

Under New York law, "[a] conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49 (2006). Defendant argues that plaintiff's claim is deficient because it does not allege "that Interactive Brokers exercised control over the funds at issue *without authority*,"

---

[3] The Court notes that the Martin Act, N.Y. General Business Law § 352, *et seq*, New York's statute that regulates the purchase and sale of securities, is inapplicable here because it does not provide for a private right of action. *Ajamian v. Zakarian*, 2014 WL 4247784, at *7 n.8 (N.D.N.Y. Aug. 26, 2014).

but it "alleges that Plaintiff *voluntarily* transferred the relevant funds to the trading account (Compl. ¶ 15)." (Def.'s Mem. in Supp. at 7.) Plaintiff does not respond to this argument, nor does he even mention the conversion claim in his opposition. Defendant is correct that the facts alleged do not suggest that defendant held plaintiff's funds without authority but rather that he willingly transferred his funds to the defendants. "If a person's original possession is lawful, that person is generally not liable for conversion until the true owner demands a return of the property." *Davimos v. Halle*, 2006 WL 859368, at *5 (S.D.N.Y. Mar. 31, 2006) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 49 (2d Cir. 1996)). Here, plaintiff has not alleged that he asked for the return of his funds at any point. As a result, plaintiff's conversion claim against Interactive is dismissed.

## IV.     *Plaintiff's Negligence Claim*

Plaintiff claims that defendants "undertook a fiduciary duty to [him] to solicit and manage the personal assets entrusted to [them] by Plaintiff in a manner consistent with the applicable standard of due care." (Compl. ¶ 38.) Moreover, plaintiff claims that defendants "were reckless and negligent in their solicitation and management of personal assets entrusted to Defendants by Plaintiff." (*Id*. ¶ 39.)

"To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages." *Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 17 N.Y.3d 565, 576 (2011). Defendant claims that plaintiff's claim must be dismissed because "Plaintiff has not and cannot allege adequately that

7

Interactive Brokers owed him, a non-customer,[4] any recognized duty of care." (Def.'s Mem. in Supp. at 8.) Plaintiff does not respond to this argument.

As defendant points out, "[i]t is well-established that brokers . . . do not owe a general duty of care to the public at large." *In re Agape Litig.*, 681 F. Supp. 2d 352, 361 (E.D.N.Y. 2010). "Rather, [a] duty of care arises only when the broker does business with the plaintiff." *Id.* (internal quotation marks and citation omitted). Moreover, "banks and brokerage houses generally do not owe a duty to non-customers and thus generally may not be held liable for the torts of their clients." *Barkany Asset Recovery & Mgmt. v. Sw. Sec. Inc.*, 972 N.Y.S.2d 458, 462 (N.Y. Sup. 2013); *see also MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 431 F. App'x 17, 20 (2d Cir. 2011) ("Banks generally do not owe non-customers a duty to protect them from fraud perpetrated by customers."); *Renner v. Chase*, 1999 WL 47239 (S.D.N.Y. Feb. 3, 1999) (holding that bank had no duty to prevent its customer from defrauding the plaintiff, a non-customer). Here, the Complaint fails to contain any facts sufficient to support a claim that Interactive owed a duty to plaintiff since plaintiff has not alleged that he was a customer of Interactive. Moreover, to the extent the Complaint could be construed to allege that Lee and/or Redline were customers of Interactive, Interactive did not have a duty to prevent them from defrauding plaintiff. Accordingly, plaintiff's negligence claim is dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. To the extent plaintiff seeks to amend the Complaint, he should provide to the Court via a letter the specific

---

[4] Defendant in its brief states that Lee and/or Redline deposited plaintiff's money into an account they opened with Interactive and that plaintiff "had no contractual relationship with Interactive Brokers" and "was not designated as a customer with respect to the account." (Def.'s Mem. in Supp. at 3.) Plaintiff does not contest this point in his opposition.

8

factual allegations it proposes would cure the deficiencies discussed above within thirty (30) days of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
       May 15, 2015

                                        /s/
                                   Denis R. Hurley
                                   Unites States District Judge