UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PAUL KRAUS,

                Plaintiff,        **MEMORANDUM AND ORDER**

- against -                      2:14-cv-4143 (DRH) (AKT)

KENNETH C. LEE, a/k/a KENNETH LEE,
REDLINE CAPITAL, LLC, INTERACTIVE
BROKERS, LLC, PATRICIA LEE a/k/a
PATRICIA JU, JOHN DOES #1 THROUGH
#10,

                Defendants.
----------------------------------------------------------------X

**APPEARANCES**

Paul Kraus, *pro se (no appearance filed)*
Last Known Address:
    9706 Heatherstone River Court
    Estero, FL 33928

Kenneth Lee, *pro se*
883 Keene Lane
Woodmere, NY 11598

**HURLEY, Senior District Judge:**

## INTRODUCTION

On July 8, 2014, Plaintiff Paul Kraus ("Plaintiff") brought seven causes of action against the captioned Defendants arising allegedly from the fraud, conversion, and negligence they perpetrated through a "Ponzi scheme." Compl. ¶ 28 [DE 1]. Presently before the Court is Defendant Kenneth Lee's ("Lee") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), 12(b)(6), and 41(b). Def. Mem. [DE 81]. Lee filed his motion with permission from Magistrate Judge A. Kathleen Tomlinson due to Plaintiff's failure to respond to the Court's Order to Show

Cause dated September 30, 2020 and, more broadly, due to Plaintiff's failure to "communicate[] with the Court even after his attorney was disbarred" on August 29, 2018. Order dated October 22, 2020 [DE 78]; Order dated September 30, 2020 [DE 74]. A review of the docket reveals September 17, 2015 as the last date on which the Court heard from Plaintiff or his former counsel. For the reasons set forth below, Lee's motion is GRANTED.

## BACKGROUND

The Court assumes familiarity with the facts as set forth in its Order dated May 15, 2015, in which it granted Defendant Interactive Brokers LLC's motion to dismiss. [DE 43]; *see Kraus v. Lee*, 2015 WL 2354381 (E.D.N.Y. May 15, 2015). At the time of the Court's decision, all other Defendants were the subject of a motion for default judgment pending before Judge Tomlinson. *Id.*; *see* [DE 20]. On July 27, 2015, Judge Tomlinson recommended denying Plaintiff default judgment, [DE 60], a recommendation this Court adopted, *see* Order dated August 21, 2015. On September 17, 2015, Judge Tomlinson held a traverse hearing at which Plaintiff's counsel appeared. [DE 69]. Since then, neither Plaintiff nor his counsel has communicated with the Court.

On February 3, 2016, Judge Tomlinson ordered Plaintiff's counsel to pay the official court reporter who prepared the transcript of the traverse hearing, as his failure to do so violated Local Rule 1.7(b). [DE 70]. Three-and-a-half years later, having heard nothing, and upon learning that Plaintiff's counsel was disbarred on August 29, 2018, Judge Tomlinson ordered Plaintiff to show cause "why this case

should not be dismissed based on (1) Plaintiff's failure to obtain new counsel, or (2) Plaintiff's failure to appear himself on a pro se basis or notify the Court that he intended to do so, and (3) Plaintiff's resulting failure to prosecute his claims." [DE 74] (dated September 30, 2020). The Court attempted serve its Order by regular mail and by certified mail at Plaintiff's last known address found in the docket, but both "mailings were returned to the Court marked 'undeliverable' and 'unable to forward.'" [DE 78]. The Court then "attempted delivery by FedEx First Overnight delivery" which failed when "FedEx notified the Court that the mailing could not be delivered to the address provided." *Id.* In an Order dated October 22, 2020, Judge Tomlinson "permit[ted] defendants Kenneth Lee and Patricia Lee to proceed with a motion to dismiss the Complaint" since "Plaintiff has not communicated with the Court even after his attorney was disbarred." *Id.*

This Court directed Lee "[w]ithin the body of the[] motion . . . to notify Plaintiff Paul Kraus" of his opposition deadline, directing Lee "to serve Plaintiff Paul Kraus via U.S.P.S. First Class Mail at his last known address found on the docket." *See* Order dated December 23, 2020. Lee filed his motion on January 11, 2021 with an Affirmation of Service upon both Plaintiff and his former counsel. [DE 81]. Plaintiff did not file an opposition.

## DISCUSSION

Under Rule 41(b), a defendant may move to dismiss an action due to a plaintiff's "fail[ure] to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Before granting a motion pursuant

to Rule 41(b), the Second Circuit requires district courts to "weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "Generally, no one factor is dispositive." *Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). The Second Circuit has continually instructed district courts dismissing cases pursuant to Rule 41(b) to give the Circuit "the benefit of the district court's reasoning." *Lucas*, 84 F.3d at 535. "Notions of simple fairness suggest that a *pro se* litigant should receive an explanation before his or her suit is thrown out of court," *id.*, which should occur "only when the circumstances are sufficiently extreme," *Baptiste*, 768 F.3d at 217 (internal quotation marks omitted) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

The present circumstances are sufficiently extreme and warrant a dismissal for failure to prosecute. The first factor, duration, overwhelmingly favors dismissal. Plaintiff last appeared before the Court on September 17, 2015 – that is, almost six years ago. [DE 69]. This six-year delay strongly resembles the seven-year delay in *Lyell Theatre Corporation v. Loews Corporation*, in which the Second Circuit expressed "no hesitation in affirming [a] dismissal" for failure to prosecute due to the

plaintiff's "commitments not honored, delinquent inactivity, adjournments and delay."  682 F.2d 37, 43 (2d Cir. 1982).

To the second factor, Plaintiff and/or his counsel has been notified, on several occasions and to the best of the Court's ability, that the failure to comply with the Court's orders—or even to respond to the Court—will merit consequences. *See* [DE 70] (notifying Plaintiff's counsel that failure to comply with an Order to pay the court reporter "will result in further action by the Court"); [DE 74] ("Plaintiff Paul Kraus is hereby on notice that any failure to comply with this Order . . . will result in this Court's recommendation to District Judge Hurley that this case be dismissed."); [DE 78] (mailing Plaintiff a copy of an Order permitting Lee to move to dismiss the case); Order dated November 17, 2020 (giving Plaintiff until January 15, 2021 to file an opposition to Lee's motion to dismiss and directing Lee to serve Plaintiff notice of same); Order dated December 23, 2021 (extending Plaintiff's deadline to oppose to February 15, 2021 and directing Lee to serve Plaintiff notice of same). In *Rubin v. Abbott Labs.*, then-Chief Judge of the Southern District of New York Colleen McMahon held this second factor "chargeable" against a plaintiff who failed to "keep[] the Court apprised of any changes to their notice address and to the status of their representation" because plaintiffs bear the "responsibility" of ensuring "orders, notices and other court documents can reach them."  319 F.R.D. 118, 121 (S.D.N.Y. 2016).  For that reason, and despite the Court's unsuccessful efforts nonetheless to reach Plaintiff, the second factor favors dismissal.

Third, Lee himself has called the Court's attention to the prejudice in continuing the action. On March 17, 2019—three years after the Court's 2016 Order and more than two years ago—Lee filed a letter with the Court, outlining the five Rule 41(b) factors, in which he stated "[P]laintiff's failure to prosecute has prejudiced and continues to prejudice me in this action because plaintiff has severely limited my ability to even begin discovery in this case." Letter from Kenneth Lee to Judge Tomlinson at 4–5 [DE 72]. With discovery not yet underway, this delay has created a serious risk that evidence—*e.g.*, witness memory or documents pertaining to pre-2014 events—is unalterably eroded or completely unavailable. *See Yang v. Greyhound Lines, Inc.*, 2008 WL 3126188, at \*2 (S.D.N.Y. July 14, 2008) ("The longer the litigation process continues, the less likely it is that critical witnesses will be able to be located."). Further, "prejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp.*, 682 F.2d at 43. The third favor weighs in favor of dismissal.

The fourth factor does not weigh in favor of dismissal because there is no "compelling evidence of an extreme effect on court congestion"—meaning "vexatious and burdensome" filings, not a "silent and unobtrusive" prosecution—to overcome "a litigant's right to be heard." *LeSane*, 239 F.3d at 210 (2d Cir. 2001) (quoting *Lucas*, 84 F.3d at 535–36). Even so, the delay has undoubtedly impacted other litigants both "in the same case" and "in the same court," the latter of which "compet[e] for scarce judicial resources." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980).

Lastly, the fifth factor addresses the Court's consideration of less drastic measures. Admittedly, the Court's orders do not expressly contemplate alternative sanctions to dismissal. But more appropriate measures are hard to conceive where, as here, plaintiff has effectively abandoned his case. *Rubin*, 319 F.R.D. at 122 ("Courts have consistently found that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed.") (citing cases). "The law is clear that when a pro se litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, dismissal may be an appropriate remedy." *Worytko v. Cnty. of Suffolk*, 2009 WL 1228236, at *4 (E.D.N.Y. Apr. 30, 2009) (citing *Garcia v. Hynes*, 2009 WL 890640 (E.D.N.Y. Mar. 31, 2009)). In the year-and-a-half interval between the Court's February 3, 2016 Order and his counsel's disbarment, Plaintiff made no effort to prosecute the action. Plaintiff failed to notify the Court of his counsel's disbarment, and, relatedly, failed to express any intention either to find new counsel or to represent himself. And the Court efforts to ascertain Plaintiff's position failed because he never notified the Court of a change in his address.

**CONCLUSION**

For the reasons discussed above, Defendant's motion is GRANTED. Pursuant to Federal Rule of Civil Procedure 41(b), Plaintiff's case in its entirety is DISMISSED WITH PREJUDICE due to his failure to prosecute. The Clerk of Court is directed to enter judgment accordingly and to terminate the action.

The Clerk of Court is further directed to mail a copy of this Memorandum & Order and the resulting judgment to both Plaintiff and Defendant at their last known addresses found on the docket: Plaintiff Paul Kraus at 9706 Heatherstone River Court, Estero, Florida 33928, and Defendant Kenneth C. Lee at 883 Keene Lane, Woodmere, NY 11598.

**SO ORDERED.**

Dated: Central Islip, New York
      June 23, 2021

s/ Denis R. Hurley
Denis R. Hurley
United States District Judge